FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 1 2 2014

SEAN F. McAVOY, CLERK
_____ DEPUTY
RICHLAND, WASHINGTON

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                    Plaintiff,

   vs.

JOSE GUADALUPE CAMARGO-CRUZ,

                    Defendant.

4:14-CR-6019-EFS-02

Preliminary Order of Forfeiture

IT IS HEREBY ORDERED THAT:

As the result of the Defendant's guilty plea to Count 1 of the Information Superseding Indictment, charging Unlawful Production of Documents, in violation of 18 U.S.C. § 1028(a)(1), for which the United States sought forfeiture of assets pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1028(b)(5), Defendant, JOSE GUADALUPE CAMARGO-CRUZ, shall forfeit to the United States any property constituting or derived from any proceeds obtained directly or indirectly as result of such offenses and any personal property used or intended to be used to commit the offense.

The Court has determined, based upon the Defendant's plea agreement (ECF No. 50), that the following assets are subject to forfeiture pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1028(b)(5), and that the United States has established the requisite nexus between such assets described below, and such offense(s):

    a.    A Black LG Cellular Telephone, bearing Serial Number 208KPTM036753;

    b.    A Black Android Cellular Telephone, bearing Serial Number 321133555559;

c.    Gateway Computer, bearing Serial Number GCV7121037376;

d.    Samsung cell phone, bearing Serial Number A000002FE71FOF;

e.    2 GB Micro SD card, bearing Serial Number 3163DCJU01TS;

f.    4 GB PNY Micro SD card, bearing Serial Number 1133308664P888;

g.    2 GB Micro SD card, bearing Serial Number 1201906532DPR;

h.    2 GB Micro SD card, serial number is scratched and unreadable except for the last three digits which are "103"; and,

i.    Two $5 bills bearing serial numbers – IF02795390D and K37614106A, which represent pre-recorded buy funds seized from the Defendant.

Upon the entry of this Order, the Department of Homeland Security, Immigration and Customs Enforcement, and/or its agents and representatives are authorized to seize the above-listed assets subject to forfeiture, whether held by the Defendant or a third party, and to conduct any discovery proper in identifying, locating or disposing of property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the Department of Homeland Security, Immigration and Customs Enforcement, may direct. Pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. §§ 982(b)(1) and 1028, the United States will post notice of this order on the official government internet site (www.forfeiture.gov) for at least 30 consecutive days.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the

Preliminary Order of Forfeiture 2
Camargo-Cruz PoF.docx

subject of this Preliminary Order of Forfeiture, as a substitute for posted internet notice as to those persons so notified. Any person, other than the above-named Defendant, asserting a legal interest in the above-listed property may, within thirty (30) days of the last date of internet posting of notice, or by the date indicated on direct notice, if sent, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his/her alleged interest in the above-listed forfeited assets and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)

Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture is final as to the Defendant at the time of sentencing, and is made part of the sentence and included in the judgment.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the above-listed property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Fed. R. Crim. P. 32.2(c)(2), and 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. §§ 982 and 1028, for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

ORDERED this ___ day of November, 2014.

Edward F. Shea
Senior United States District Judge

Preliminary Order of Forfeiture 3
Camargo-Cruz PoF.docx

Presented by:

Michael C. Ormsby
United States Attorney

s/Mary K. Dimke

Mary K. Dimke
Assistant United States Attorney

Preliminary Order of Forfeiture 4
Camargo-Cruz PoF.docx